# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 07-1840

_____

| | | |
|---|---|---|
| Cornelia I. Crowell GST Trust, | * | |
| | * | |
| Plaintiff-Appellants, | * | Appeal from the United States |
| | * | District Court for the District |
| v. | * | of Minnesota |
| | * | |
| Possis Medical, Inc., Robert | * | |
| G. Dutcher, and Eapen Chacko, | * | |
| | * | |
| Defendant-Appellees. | * | |

_____

Submitted: January 17, 2008
Filed: March 21, 2008

_____

Before COLLOTON and SHEPHERD, Circuit Judges, and GOLDBERG,[1] Judge.

_____

GOLDBERG, Judge.

Appellant Cornelia I. Crowell GST Trust ("Crowell Trust") appeals the district court's[2] dismissal of its class action against Possis Medical, Inc., Robert G. Dutcher, and Eapen Chacko (collectively "Possis Medical") for alleged securities fraud.

_____

[1] The Honorable Richard W. Goldberg, United States Court of International Trade, sitting by designation.

[2] The Honorable James M. Rosenbaum, United States District Judge for the District of Minnesota.

Crowell Trust argues that the district court erred in determining that its pleading failed to meet the heightened pleading standards of the Private Securities Litigation Reform Act ("PSLRA"). 15 U.S.C. § 78u-4 (2000). Alternatively, Crowell Trust argues that the district court erred in not granting leave to amend its complaint. For the following reasons, we affirm the district court's dismissal.

## I.    BACKGROUND

Possis Medical is a corporation largely focused on the production of the AngioJet, a non-surgical catheter system designed to remove blood clots with minimal vascular trauma. In 2001, Possis Medical began a clinical trial (the "AiMI study") to determine whether the AngioJet could be utilized in a wider range of medical procedures. During the AiMI study, Possis Medical made several public statements regarding the study's potentially favorable impact on company revenues. In August of 2004, Possis Medical released the AiMI study results which did not support expanded AngioJet usage. Upon the release of this information, the value of Possis Medical stock dropped considerably. Based on this decline and upon the statements made by Possis Medical, Crowell Trust attempted to bring a class action against Possis Medical for alleged securities fraud. The district court found Crowell Trust's pleading insufficient and dismissed the complaint without granting leave to amend.

## II.    STANDARD OF REVIEW

We review de novo a district court's dismissal of an amended complaint. See Fla. State Bd. of Admin. v. Green Tree, 270 F.3d 645, 661 (8th Cir. 2001). Ordinarily, the decision of whether to allow a plaintiff leave to amend a complaint is within the district court's discretion, however, when the court denies leave on the basis of futility, it means the district court has reached the legal conclusion that the amended complaint could not withstand a motion to dismiss under Rule 12(b)(6) of

the Federal Rules of Civil Procedure, and appellate review of this legal conclusion is also de novo.  See In re Senior Cottages of America, 482 F.3d 997, 1001 (8th Cir. 2007).

## III.  DISCUSSION

### A.  Dismissal of Crowell Trust's Complaint

To survive a Rule 12 motion to dismiss, a securities plaintiff must point to:

(1) misrepresentations or omissions of material fact or acts that operated as a fraud or deceit in violation of the rule;
(2) causation, often analyzed in terms of materiality and reliance;
(3) scienter on the part of the defendants; and
(4) economic harm caused by the fraudulent activity occurring in connection with the purchase and sale of a security.

In re K-Tel Int'l, Inc. Sec. Litig., 300 F.3d 881, 888 (8th Cir. 2002). The district court found that Crowell Trust's pleading failed to establish that Possis Medical had misrepresented a material fact or acted with the required scienter.  We agree.

As for as the misrepresentation prong, Crowell Trust's pleading did not provide the level of detail necessary to support its allegation.  "[R]ote allegations that the defendants knowingly made false statements of material fact" alone are insufficient. In re Navarre Corp. Sec. Litig., 299 F.3d 735, 745 (8th Cir. 2002).  To meet the heightened pleading standards, a securities plaintiff often must plead the "who, what, when, where and how" of the misleading statements or omissions.  K-Tel, 300 F.3d at 890.  Here, Crowell Trust points to the anonymous statements of three former Possis Medical employees alleging that they were aware that the AiMI study was not going as well as anticipated prior to the public disclosure of this information.  Crowell

Trust does not allege that the executives actually making the allegedly false or misleading statements had heard these rumors. Crowell Trust does not even allege facts which demonstrate how the anonymous Possis Medical employees had gained access to this information. As a result, even if we assume that the statements made by Possis Medical did not contain sufficient cautionary language as to fall under PSLRA's safe harbor, nothing within Crowell Trust's pleading provides the detail necessary to support its allegation.

Crowell Trust also fails to "set forth facts that give a strong reason to believe that there was reckless or intentional wrongdoing," or scienter, on the part of Possis Medical. Navarre, 299 F.3d at 745 (emphasis omitted). Scienter can be established in three ways: (1) from facts demonstrating a mental state embracing an intent to deceive, manipulate, or defraud; (2) from conduct which rises to the level of severe recklessness; or (3) from allegations of motive and opportunity. See K-Tel., 300 F.3d at 893–94. The relevant inquiry is "whether *all* the facts alleged, taken collectively, give rise to a strong inference of scienter, not whether any allegation, scrutinized in isolation meets that standard." Tellabs, Inc. v. Makor Issues & Rights, Ltd., __ U.S. __, 127 S. Ct. 2499, 2502 (2007). According to Crowell Trust, the anonymous former employee testimony, the importance of the AiMI study to the company, and a series of stock sales made by Possis Medical executives support its scienter allegation. However, even when these factors are considered collectively, we find that they do not establish a clear and cogent inference that Possis Medical acted with the necessary scienter.

First, the anonymous testimony offered by Crowell Trust does not establish intentional or severely reckless conduct by Possis Medical. As noted, all that the Court can infer from the proffered testimony, even accepting the allegations as true, is that several lower level employees had heard rumors that the AiMI study was not going as anticipated. Crowell Trust, however, fails to provide any information regarding how employees at this level of the company would have access to the AiMi

study information. This level of detail fails to provide meaningful support to Crowell Trust's scienter allegation. See, e.g., Cal. Pub. Employees Ret. Sys. v. Chubb, 394 F.3d 126, 155 (3d Cir. 2004) (explaining the level of particularity necessary to support reliance on confidential sources).

Crowell Trust also argues that the overarching importance of the AiMI study to Possis Medical supports an inference of scienter. According to Crowell Trust, the fact that the AiMI study was vital to the company's future supports an inference that Possis Medical executives were aware of its negative results prior to making statements discussing the study's potentially positive impact. Some courts have found this rationale sufficient to support an inference of scienter. See, e.g., In re Ancor Commc'ns, Inc. Sec. Litig., 22 F. Supp. 2d 999, 1004–05 (D. Minn. 1998). In Ancor, a securities plaintiff alleged that Ancor had committed securities fraud by overstating its income estimates by ignoring the strong likelihood that a critical contract would be cancelled. Id. at 1001. The Ancor court found scienter could be imputed because not only was the contract vital to the company, but the contracting parties had been sufficiently aware of the potential for cancellation as to include an escape clause to accommodate such an outcome. Id. at 1005. By contrast, Crowell Trust's claim relates to the AiMI study, an independent clinical study conducted at several off-site locations. No facts have been alleged related to the executives' involvement in either its design or ongoing administration which would support a similarly strong inference. As such, the importance of the study to Possis Medical does little to establish scienter.

Lastly, Crowell Trust argues that a series of stock sales by Possis Medical "insiders" establishes sufficient motive and opportunity to support the requested inference. However, this argument also fails as "[i]nsider stock sales are not inherently suspicious; they become so only when the level of trading is 'dramatically out of line with prior trading practices at times calculated to maximize the personal benefit from the undisclosed information.'" Navarre, 299 F.3d at 747 (quoting In re Vantive Corp. Sec. Litig., 283 F.3d 1079, 1092 (9th Cir. 2002)). Here, Crowell Trust

failed to provide information from which the Court could place the allegedly suspicious stock sales within any meaningful context. Additionally, Crowell Trust's focus on these stock sales is limited as it only examines one segment of the larger transactional history. Throughout the allegedly suspicious period, several of the insiders' holdings actually increased if the ownership of both stock and stock options is considered. In considering the anonymous former employee testimony, the importance of the AiMI study to Possis Medical, and the insider stock sales, the Court finds that the district court did not err in dismissing Crowell Trust's pleading for failing to establish a false or misleading statement or scienter on the part of Possis Medical.

**B. Refusal to Grant Leave to Amend**

Generally, "parties should not be allowed to amend their complaint without showing how the complaint could be amended to save the meritless claim." Wisdom v. First Midwest Bank, 167 F.3d 402, 409 (8th Cir. 1999). On appeal, Crowell Trust has failed to demonstrate any meaningful basis upon which it could amend its complaint to comply with the heightened securities pleading standards. Crowell Trust's only argument is that Possis Medical's answer somehow admits that the AiMI study data was received several months prior to its disclosure to the investing public. Even accepting this admission argument, it is difficult to see how this would help Crowell Trust's pleading to survive a Rule 12 motion. All of the statements alleged by Crowell Trust to be false or misleading occurred prior to the date Possis Medical allegedly admitted to receiving the AiMI study data. All of the stock transactions viewed by Crowell Trust as "suspicious" had already occurred as well. As Crowell Trust did not establish how its complaint could be amended, the district court did not err in denying leave to amend on the basis of futility.

## IV. <u>CONCLUSION</u>

For the reasons set forth above, the district court's dismissal of Crowell Trust's cause of action is **AFFIRMED**.