# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 07-2931

_____

| | | |
|---|---|---|
| In re: NVE Corporation Securities Litigation, | * | |
| | * | |
| | * | |
| ------------------------------ | * | |
| | * | |
| Brian G. Beatty; Shawn Aaron; Andrew G. Cauley, individually and on behalf of all others similarly situated, | * | |
| | * | |
| | * | |
| | * | Appeal from the United States |
| | * | District Court for the |
| Plaintiffs - Appellants, | * | District of Minnesota. |
| | * | |
| v. | * | |
| | * | |
| NVE Corporation; Daniel A. Baker; James M. Daughton; Jeffrey K. Kaszubinski, | * | |
| | * | |
| | * | |
| | * | |
| Defendants - Appellees. | * | |

_____

Submitted: May 15, 2008
Filed: May 30, 2008

_____

Before WOLLMAN, MURPHY, and SMITH, Circuit Judges.

_____

MURPHY, Circuit Judge.

Plaintiffs brought this putative securities class action alleging that NVE Corporation and certain of its officers and directors had made false or misleading statements about the development of a novel computer memory technology, known by the acronym MRAM. The district court[1] denied their request to permit another amendment of the complaint and granted a defense motion to dismiss. Plaintiffs appeal, and we affirm.

During the purported class period from May 16, 2003 through April 19, 2005, MRAM technology was still under development. NVE had formed a relationship to share certain intellectual property with Cypress Semiconductor Corporation, and Cypress agreed to manufacture MRAM devices for NVE. Cypress had created a subsidiary to pursue development and commercialization of MRAM, but the effort encountered engineering difficulties and in February 2005 Cypress announced that it would divest that subsidiary. NVE's stock price fell significantly following that news and its own announcement in April 2005 that it would focus its MRAM strategy on licensing its intellectual property rather than on selling devices. In spite of those challenges, NVE has turned a profit in recent years.

The amended complaint asserted claims under sections 10(b) and 20(a) of the Securities Exchange Act of 1934, 15 U.S.C. §§ 78j(b) and 78t(a), and Securities and Exchange Commission Rule 10b-5, 17 C.F.R. § 240.10b-5, alleging that defendants' misrepresentations concerning MRAM development had misled investors and artificially inflated NVE's stock price. Defendants moved to dismiss under Federal Rules of Civil Procedure 9(b) and 12(b)(6) and the Private Securities Litigation Reform Act of 1995 (PSLRA). The district court granted the motion after a detailed analysis of the claimed misrepresentations, determining that plaintiffs had failed to comply with the pleading standards for falsity, scienter, and materiality. On appeal,

---

[1]The Honorable Michael J. Davis, United States District Judge for the District of Minnesota.

appellants challenge the district court's conclusions that none of the contested statements by defendants were actionable and that the complaint did not meet the heightened pleading requirements for securities actions.

We review de novo the district court's dismissal of the amended complaint. Florida State Bd. of Admin. v. Green Tree Fin. Corp., 270 F.3d 645, 661 (8th Cir. 2001). Additional pleading standards apply to securities actions, including the PSLRA's requirements that the complaint 1) "specify each statement alleged to have been misleading, [and] the reason or reasons why the statement is misleading," 15 U.S.C. § 78u-4(b)(1), and 2) "state with particularity facts giving rise to a strong inference that the defendant acted with the required state of mind." Id. § 78u-4(b)(2); see also Tellabs, Inc. v. Makor Issues & Rights, Ltd., 127 S. Ct. 2499, 2508 (2007); Migliaccio v. K-Tel Int'l, Inc. (In re K-Tel Int'l, Inc. Sec. Litig.), 300 F.3d 881, 888 (8th Cir. 2002) (listing elements which must be shown for securities action to survive a motion to dismiss).

In accordance with the Supreme Court's recent instructions in Tellabs, we accept all factual allegations in the securities § 10(b) complaint as true like any motion to dismiss for failure to plead a claim; we consider the complaint in its entirety along with other sources normally examined by courts in a Rule 12(b)(6) motion; and we consider "plausible opposing inferences" in determining whether the pleaded facts establish a strong inference of scienter. 127 S. Ct. at 2509. The relevant inquiry as to the required state of mind is "whether *all* of the facts alleged, taken collectively, give rise to a strong inference of scienter," that is, an inference which is "cogent and at least as compelling as any opposing inference one could draw from the facts alleged." Id. at 2509, 2510. In light of these prescriptions and after carefully considering the arguments raised on appeal, we conclude that the amended complaint does not satisfy the applicable pleading requirements for the reasons stated in the district court's thorough opinion. See In re NVE Corp. Sec. Litig., 06-574, 2007 WL 1994024 (D. Minn. July 3, 2007).

Appellants also argue that the district court should have granted their request to amend the complaint again since the deadline for seeking leave to amend had not passed. NVE argues that any further amendment would have been futile. We ordinarily review the denial of leave to amend a complaint for abuse of discretion, but when the district court denies leave on the basis of futility we review the underlying legal conclusions de novo. Cornelia I. Crowell GST Trust v. Possis Med., Inc., 519 F.3d 778, 781-82 (8th Cir. 2008); Marmo v. Tyson Fresh Meats, Inc., 457 F.3d 748, 755 (8th Cir. 2006). Although Federal Rule of Civil Procedure 15(a) provides that leave to amend should be freely granted "when justice so requires," appellants have not articulated any changes they wish to make, much less demonstrated how revision would address the numerous pleading deficiencies identified by the district court. See Possis, 519 F.3d at 783-84; see also Doe ex rel. Doe v. Sch. Dist. of the City of Norfolk, 340 F.3d 605, 616 (8th Cir. 2003) ("permission to amend may be withheld if the plaintiff does not have at least colorable grounds for relief"). The district court therefore did not err by denying leave to amend the complaint.

For these reasons we affirm the judgment of the district court.

_____