# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 10-1153

_____

Ricky Barnard Tatum,                 *
                                           *

            Appellant,           *
                                           *

      v.                         *
                                           *

Greg Harmon; Aundrea Weekly;       *    Appeal from the United States
Steve Outlaw; Maureen Williams;    *    District Court for the
Wallace McNary; Essie Clay,        *    Eastern District of Arkansas.
                                           *

           Defendants,          *    [UNPUBLISHED]
                                           *

Adrian Wallace, Security Officer,   *
East Arkansas Regional Unit,        *
                                           *

           Appellee,            *
                                           *

Larry Norris; Brenda Perry; Tameka   *
Cody; April Brandon; R. Hobbs,     *
                                           *

           Defendants.          *

_____

Submitted: November 2, 2010
Filed: November 29, 2010

_____

Before BYE, BOWMAN, and COLLOTON, Circuit Judges.

_____

PER CURIAM.

Arkansas inmate Ricky Barnard Tatum appeals the district court's dismissal of his 42 U.S.C. § 1983 action following an evidentiary hearing. We affirm.

Tatum, an inmate at the East Arkansas Regional Unit (EARU), filed a complaint against several EARU employees, including Officer Adrian Wallace. He alleged that Wallace was sexually harassing him, and issued him false disciplinaries in retaliation for his filing grievances about the harassment; and that the other defendants had failed to protect him. Tatum later moved to voluntarily dismiss the complaint without prejudice against all defendants except Wallace, stating he had not exhausted his administrative remedies. The court granted the motion and dismissed the action against all defendants except Wallace without prejudice. The court denied later motions by Tatum to file amended complaints adding most of the defendants who had been dismissed, as well as additional defendants. The court held an evidentiary hearing on Tatum's retaliation claim, at which Tatum and Wallace, as well as two additional witnesses, testified. The court dismissed the complaint following the hearing, finding that Tatum could not state a claim for retaliatory discipline because for each instance of allegedly retaliatory discipline, he was found guilty after a disciplinary hearing.

We first hold that the district court did not err in denying Tatum leave to amend the complaint to include the previously dismissed defendants and other new defendants, as there was no evidence the claims were fully exhausted, and the claims against the newly named defendants were conclusory. See In re NVE Corp. Sec. Litig., 527 F.3d 749, 752 (8th Cir. 2008) (denial of leave to amend is ordinarily reviewed for abuse of discretion, but when leave is denied on basis of futility, review is de novo); Johnson v. Jones, 340 F.3d 624, 627 (8th Cir. 2003) (inmate must exhaust administrative remedies before filing suit in federal court); Martin v. Sargent, 780 F.2d 1334, 1337 (8th Cir. 1985) (requiring a pro se complaint to contain specific facts supporting its conclusions). Further, Tatum could not state a claim against Wallace

for a violation of prison policy.  See Gardner v. Howard, 109 F.3d 427, 430 (8th Cir. 1997) (no § 1983 liability for violation of prison policy).

As to Tatum's claim that Wallace retaliated against him for exercising his First Amendment rights, because the claim was dismissed following an evidentiary hearing and Tatum did not make a timely jury demand, we review the district court's factual findings for clear error and its conclusions of law de novo.  See Choate v. Lockhart, 7 F.3d 1370, 1373 & n.1 (8th Cir. 1993); see also Fed. R. Civ. P. 38(b) (party may demand jury trial "no later than 14 days after the last pleading directed to the issue is served").  We agree with the district court that the findings of guilt following a disciplinary hearing were sufficient to defeat Tatum's claims as to the disciplinary charges filed against him on November 6 and December 4, 2008, and April 8, 2009. See Cowans v. Warren, 150 F.3d 910, 912 (8th Cir. 1998) (per curiam) (inmate does not state retaliation claim where discipline was imposed for actual violation of prison rules); Hartsfield v. Nichols, 511 F.3d 826, 829, 831 (8th Cir. 2008) (defendant may successfully defend retaliatory-discipline claim by showing "some evidence" that inmate actually committed rule violation; report from correctional officer, even if disputed by inmate and supported by no other evidence, legally suffices as some evidence upon which to base prison disciplinary violation if violation is found by impartial decisionmaker); Henderson v. Baird, 29 F.3d 464, 469 (8th Cir. 1994) (critical inquiry in retaliation claim is whether prison disciplinary committee ultimately found, based on some evidence, that prisoner committed charged violation).

Finally, to the extent Tatum has raised the issues on appeal, we hold that the district court did not abuse its discretion in denying some of Tatum's discovery requests, see Executive Air Taxi Corp. v. City of Bismarck, 518 F.3d 562, 569 (8th Cir. 2008) (standard of review), or in denying his motions for appointed counsel, see Davis v. Scott, 94 F.3d 444, 447 (8th Cir. 1996) (trial court has broad discretion in deciding whether to appoint counsel to indigent civil litigant; discussing factors).

Accordingly, we affirm the judgment of the district court, and we deny as moot Tatum's appellate motion.

_____