# United States Court of Appeals
## For the Eighth Circuit

_____

No. 11-1213

_____

Robert L. McCrary; Kenneth C. Thompson, Trustee of the Kenneth C. Thompson
Living Trust U/A DTD 3-27-92; Kenneth C. Thompson, As Beneficiary of the
Kenneth C. Thompson IRA

*Plaintiffs - Appellants*

v.

Stifel, Nicolaus & Company, Incorporated; Neil Rolla Harrison; Roger Compton

*Defendants - Appellees*

_____

Appeal from United States District Court
for the Eastern District of Missouri - St. Louis

_____

Submitted: March 14, 2012
Filed:  August 6, 2012

_____

Before MELLOY, SMITH, and SHEPHERD, Circuit Judges.

_____

SHEPHERD, Circuit Judge.

Robert L. McCrary and Kenneth C. Thompson brought suit as individuals and
on behalf of a putative class of investors, alleging that Stifel, Nicolaus & Co. (Stifel)
and two of its employees, Neil Harrison and Roger Compton, violated federal
securities law.  Stifel and Compton (Defendants) filed a motion to dismiss the

complaint for failure to state a claim under Federal Rule of Civil Procedure 12(b)(6) and the Private Securities Litigation Reform Act of 1995 (PSLRA), 15 U.S.C. § 78u-4(b). The district court concluded that Plaintiffs' allegations failed to satisfy the requirements for class action claims under Federal Rule of Civil Procedure 23(b)(3) and dismissed Plaintiffs' complaint with prejudice. We affirm in part, reverse in part, and remand for further proceedings.

I.

Stifel is a brokerage and investment banking firm headquartered in St. Louis, Missouri. In October of 2005, Stifel hired Harrison to work as a broker in Stifel's branch office in Edwardsville, Illinois. Stifel hired Harrison almost immediately after he was fired by A.G. Edwards, another investment firm in St. Louis, for soliciting and obtaining personal loans from his clients. During his time at Stifel, Harrison engaged in similar misconduct and fraudulent behavior, and Stifel eventually fired Harrison in October of 2008. Compton served as Harrison's supervisor at the Edwardsville branch office.

Plaintiffs held investment accounts with Stifel's branch office in Edwardsville between 2006 and 2009. For the majority of that time, Harrison served as Plaintiffs' registered representative and managed their accounts. After Harrison was fired, Compton took over the responsibility of managing Plaintiffs' accounts. Plaintiff Thompson alleges that his accounts sustained a diminution in value of more than $750,000 as a result of "churning"[1] and unauthorized trading by Harrison and that he was charged $250,000 in excessive commission fees by Stifel and Harrison. Plaintiff

---

[1] "'Churning' occurs when a broker, directing the volume and frequency of trades, abuses his customer's confidence for personal gain by initiating transactions that are excessive in view of the character of the account and the customer's objectives as expressed to the broker." Davis v. Merrill Lynch, Pierce, Fenner & Smith, Inc., 906 F.2d 1206, 1211 n.3 (8th Cir. 1990).

McCrary alleges damages of $400,000 due to churning and unauthorized trading plus excessive commission fees in the amount of $40,000.

On April 7, 2009, Thompson executed a submission agreement in which he agreed to be bound by the rules and the decisions of a Financial Industry Regulatory Authority (FINRA) arbitration panel. Thompson subsequently filed an arbitration claim against Stifel, Harrison, and Compton and served Stifel with the claim on June 30, 2009. On December 10, 2009, Thompson participated in a pre-hearing conference with the selected panel of arbitrators and counsel for Stifel. Over the next few months, Thompson filed various motions with the arbitration panel and eventually filed a motion to have his arbitration dismissed without prejudice. This motion was denied by the panel. The arbitration panel then ordered Thompson to comply with Stifel's discovery requests. After Thompson repeatedly failed to respond to the panel's orders, the panel held a hearing on June 28, 2010, and dismissed Thompson's arbitration claim with prejudice.

On December 21, 2009, McCrary filed an action in Missouri state court against Stifel alleging violations of Missouri securities law. Before Stifel's reply was due, McCrary amended his petition to allege claims against Stifel on behalf of a putative class. Stifel subsequently removed the case to federal court. McCrary then filed an amended complaint, adding Thompson as a named plaintiff and adding Compton and Harrison as defendants. In their amended complaint, Plaintiffs alleged violations of sections 10(b) and 20(a) of the Securities Exchange Act of 1934, 15 U.S.C. §§ 78j(b) and 78t(a), and violations of Securities and Exchange Commission Rule 10b-5, 17 C.F.R. § 240.10b-5. Specifically, Plaintiffs alleged that: (1) Harrison engaged in churning and unauthorized trading, in violation of section 10(b) and Rule 10b-5; (2) Stifel, Compton, and Harrison made material misrepresentations and omissions, including the repeated failure to disclose the nature of Harrison's termination from his prior employment at A.G. Edwards, in violation of section 10(b) and Rule 10b-5; and (3) Stifel and Compton failed to properly supervise and take steps to prevent

Harrison's illegal trading, making them jointly and severally liable for Harrison's conduct pursuant to section 20(a). Plaintiffs then requested that the district court enjoin Stifel from proceeding with the then-ongoing arbitration initiated by Thompson. The court denied this request after applying the four-factor test set forth in <u>Dataphase Systems, Inc. v. C L Systems, Inc.</u>, 640 F.2d 109 (8th Cir. 1981) (en banc), finding that Plaintiffs "failed to show that any of these factors weigh in favor of granting the preliminary injunction."

On June 4, 2010, Plaintiffs filed a motion seeking class certification and the appointment of Thompson as lead plaintiff. On June 11, 2010, Defendants filed a motion to dismiss Plaintiffs' complaint for failure to state a claim under Federal Rule of Civil Procedure 12(b)(6). Shortly thereafter, Defendants also requested that the court defer its consideration of Plaintiffs' motion for class certification until after the court had ruled on Defendants' motion to dismiss.

On December 28, 2010, the district court granted Defendants' motion to dismiss. The court recited the standard of review for a Rule 12(b)(6) motion and the requirements for class-action claims under Federal Rule of Civil Procedure 23. The court then analyzed Plaintiffs' churning and material misrepresentation allegations and determined that neither claim satisfied the requirements for a class action under Rule 23(b)(3)[2] because of the individualized nature of the allegations. The court concluded by stating: "Having determined that plaintiffs' claims fail to satisfy Rule 23(b)(3), the Court finds it unnecessary to determine whether the complaint meets the heightened pleading standard of the PSLRA." The court dismissed Plaintiffs' entire

---

[2]Rule 23(b)(3) states that a class action may be maintained if "the court finds that the questions of law or fact common to class members predominate over any questions affecting only individual members, and that a class action is superior to other available methods for fairly and efficiently adjudicating the controversy." Fed. R. Civ. P. 23(b)(3).

complaint with prejudice and denied all pending motions as moot. Plaintiffs appealed.

## II.

Plaintiffs raise three arguments on appeal, contending that: (1) the court failed to engage in the proper analysis before dismissing Plaintiffs' individual claims; (2) the court erred in dismissing Plaintiffs' class claims as insufficient under Rule 23; and (3) Thompson's arbitration was invalid and the district court abused its discretion by denying Plaintiffs' motion to enjoin the arbitration. We address each of these arguments in turn.

## A. Plaintiffs' Individual Claims

We first address Plaintiffs' argument that the district court erred in dismissing their individual claims. Generally, the district court's dismissal of a complaint under Rule 12(b)(6) and the PSLRA is subject to de novo review. See In re NVE Corp. Sec. Litig., 527 F.3d 749, 751 (8th Cir. 2008). On a Rule 12(b)(6) motion to dismiss securities claims, a district court must review the claims to determine their compliance with the heightened pleading standards of the PSLRA. See Elam v. Neidorff, 544 F.3d 921, 926-27 (8th Cir. 2008). Generally, the court must accept Plaintiffs' factual allegations as true and should draw all reasonable inferences in their favor. See Lustgraaf v. Behrens, 619 F.3d 867, 872-73 (8th Cir. 2010). For claims with a scienter component, which includes claims under Rule 10b-5, the allegations should give rise to more than just a plausible or reasonable inference of scienter. Elam, 544 F.3d at 928; 15 U.S.C. § 78u-4(b)(2)(A) (requiring claims to "state with particularity facts giving rise to a strong inference that the defendant acted with the required state of mind"). For material misrepresentation and omission claims, the court must also determine whether the claims "specify each statement

alleged to have been misleading [and] the reason or reasons why the statement is misleading." 15 U.S.C. § 78u-4(b)(1).

Plaintiffs argue that the district court failed to follow this analysis and erroneously used the criteria for class certification to dismiss not only Plaintiffs' class claims, but their individual claims as well. Plaintiffs point out that the district court only analyzed the complaint under Rule 23 and expressly declined to address the sufficiency of the allegations under the PSLRA. Plaintiffs contend that the district court could not dismiss their individual claims without first reviewing the substance of those claims under the PSLRA. We agree. The district court recited the correct standard of review for a Rule 12(b)(6) motion at the outset of its order; however, it failed to engage in the requisite analysis. Indeed, the court expressly stated that it found it "unnecessary to determine whether the complaint meets the heightened pleading standard of the PSLRA," although a Rule 12(b)(6) motion to dismiss individual securities claims requires the court to make that precise determination. See Tellabs, Inc. v. Makor Issues & Rights, Ltd., 551 U.S. 308, 321 (2007); Lustgraaf, 619 F.3d at 873.

Defendants make several arguments in defense of the district court's decision. First, they rely on Rowe v. Morgan Stanley Dean Witter, 191 F.R.D. 398 (D.N.J. 1999) and Moscarelli v. Stamm, 288 F. Supp. 453 (E.D.N.Y. 1968), to argue that a court may dismiss securities fraud allegations similar to the ones in this case when the claims do not satisfy Rule 23. In Rowe, the court found that the plaintiffs' churning claims rested "predominately on individual issues of fact, rather than common questions," and could not satisfy Rule 23(b)(3). 191 F.R.D. at 410. However, the court in Rowe dismissed only the class action allegations of the complaint while "stay[ing] the individual claims of the Plaintiffs . . . pending the outcome of arbitration." Id. at 419. Similarly, in Moscarelli, the court found securities fraud and churning claims to be deficient under Rule 23 and ultimately granted a motion "to dismiss the action *as a class suit*." 288 F. Supp. at 463 (emphasis added). See also

Souter v. Tatro, No. 03-CV-6141, 2004 WL 1574562, at *9 (W.D.N.Y. June 21, 2004) ("Plaintiffs' proposed class action claims are dismissed, and this action is stayed pending arbitration of plaintiffs' remaining claims."). Rowe and Moscarelli demonstrate that failure to satisfy Rule 23 is grounds to dismiss claims on behalf of a class. However, these cases do not support the proposition that failure to satisfy Rule 23 automatically allows for the dismissal of individual claims. To the contrary, claims that do not meet the required criteria for a class action may still be meritorious if brought in an individual capacity. See In re "Agent Orange" Prod. Liab. Litig., 818 F.2d 194, 197 (2d Cir. 1987) ("The denial of class certification does not preclude individual plaintiffs properly before the court from pressing their own claims."). This is borne out by the decisions in both Rowe and Moscarelli, where the courts took care to distinguish their treatment of the class claims and the individual claims.

At oral argument, Defendants suggested that the district court dismissed the complaint because it did not contain any individual claims. Defendants also posited that the court did not intend to dismiss Plaintiffs' individual claims with prejudice because "the order is very clear in that it only addresses the class action allegations and the viability of any individual claims [is] not addressed in th[e] order." Defendants suggested that McCrary could still file a demand to arbitrate his individual claims. However, Defendants would not wholly commit to the position that the district court's order would have no res judicata effect on McCrary's individual claims, instead arguing that any res judicata effect ought to be determined by an arbitration panel.

After carefully reviewing Plaintiffs' complaint and the district court's order, we reject Defendants' arguments. The complaint, while perhaps inartfully drafted, distinctly makes out individual claims on behalf of both Thompson and McCrary. The complaint states that the churning, misrepresentation, and control liability allegations are brought by "Thompson, McCrary, and other class members"; provides the amount of damages allegedly suffered by Thompson and McCrary individually;

-7-

and highlights the allegedly illegal trading activity in Thompson and McCrary's accounts. At various points, the complaint also discusses misrepresentations and omissions made specifically to McCrary or Thompson. It is clear that the complaint asserts both class claims and individual claims. The district court dismissed the entire complaint with prejudice and drew no distinction between Plaintiffs' individual claims and the class claims. Whether the district court intended to or not, it dismissed Plaintiffs' individual claims with prejudice in its order. We acknowledge that Plaintiffs could have brought the error to the district court's attention in a post-judgment motion, which would have likely resolved the issue more expeditiously. Nevertheless, we find that the district court erred in dismissing Plaintiffs' individual securities fraud claims without either staying the claims pending arbitration or undertaking an analysis of the claims under the PSLRA.

Finally, Defendants argue that any error by the district court was harmless because: "Although not ruled upon by the district court, the Complaint fails to comply with the heightened pleading standards of the PSLRA, as it fails to plead a material misrepresentation or omission in connection with the purchase or a sale of security, and does not adequately plead a strong inference of scienter." Defendants would have this court review Plaintiffs' complaint using the proper standard and find that the dismissal of Plaintiffs' individual claims was ultimately justified. It is true that "[w]e may affirm the district court on any basis that is supported by the record," Dicken v. Ashcroft, 972 F.2d 231, 233 (8th Cir. 1992). However, where the district court has erred procedurally and failed to decide the dispositive issues presented by a motion to dismiss, this court has the discretion to remand or decide the issues. See Singleton v. Wulff, 428 U.S. 106, 121 (1976) ("The matter of what questions may be taken up and resolved for the first time on appeal is one left primarily to the discretion of the courts of appeals, to be exercised on the facts of individual cases."). Given the complex procedural history of this case, we remand Plaintiffs' individual claims for the district court's reconsideration. The district court is better placed to determine the fate of Thompson's individual claims now that his arbitration has been dismissed, and

to determine whether McCrary's individual claims should proceed in federal court, be dismissed with or without prejudice, or be stayed pending arbitration.[3] We therefore reverse the district court's order with respect to Plaintiffs' individual claims and remand these claims for further consideration.

## B. Plaintiffs' Class Claims

Plaintiffs argue that the court also erred in finding Plaintiffs' claims ineligible for class treatment. Plaintiffs assert that the issue of class certification may only be addressed after a Rule 12(b)(6) analysis of Plaintiffs' individual claims occurs. However, Plaintiffs cite no authority for this proposition, and we cannot find any authority that requires a court to analyze the appropriateness of class treatment only after the merits of the individual claims have been examined.

As discussed above, class claims that fail to meet the requirements of Rule 23 may be properly dismissed by granting a Rule 12(b)(6) motion. The court did not perform the proper analysis under the PSLRA for Plaintiffs' individual claims, but it found that the individualized nature of the churning, unauthorized trading, and misrepresentation claims rendered Plaintiffs' class claims insufficient under Rule 23(b)(3). We agree with this conclusion. First, a churning claim requires the plaintiff to show "that the trading in his account was excessive in light of his investment objectives" and that "the broker acted with . . . the wilful and reckless disregard for the interests of his client." Mihara v. Dean Witter & Co., 619 F.2d 814, 821 (9th Cir.

---

[3]At oral argument, both McCrary and Defendants agreed that McCrary's agreement with Stifel contained an arbitration clause. The parties disagreed, however, as to whether Defendants had sought to compel arbitration. The only place this issue is addressed in the record is in Defendants' motion to dismiss, which notes that "the claims are appropriately in arbitration or should be ordered to proceed in arbitration." Accordingly, we leave this issue for the district court to resolve on remand.

1980). Plaintiffs' complaint alleges that Defendants' trading activities were excessive in light of Thompson's age and in light of McCrary's job losses and desire to pay for his son's college education. These are highly individualized claims that do not satisfy the uniformity requirements of Rule 23(b)(3). Second, unauthorized trading claims require a showing that the trades were in fact unauthorized and that Defendants possessed the requisite scienter for each transaction. See Rowe, 191 F.R.D. at 414-15. This showing is difficult to make without relying on highly individualized facts, and Plaintiffs' claims, with their focus on the trading activity in Thompson and McCrary's individual accounts, do not satisfy Rule 23(b)(3)'s criteria for class action claims. Finally, the complaint does not sufficiently allege materially uniform misrepresentations and omissions that were made to all members of the class. Instead, the complaint focuses on omissions and misrepresentations that were made to Thompson and McCrary and their individual reliance on those misrepresentations. For these reasons, the district court correctly determined that the complaint fails to state viable class claims under Rule 23. We therefore affirm the district court's order as it applies to Plaintiffs' class claims.

## C. Thompson's Arbitration

Plaintiffs' brief raises a host of challenges to Thompson's arbitration. First, Plaintiffs argue that Defendants waived their right to arbitrate Thompson's dispute because of their "substantial participation" in this litigation. Usually, "[w]e review de novo the legal determination of waiver but examine the factual findings underlying that ruling for clear error." Lewallen v. Green Tree Servicing, L.L.C., 487 F.3d 1085, 1090 (8th Cir. 2007). However, as Defendants correctly point out, the district court never addressed whether Defendants waived their right to arbitrate because it dismissed Plaintiffs' claims on other grounds. "It would . . . be inappropriate for us to examine the issue of waiver, which requires factual findings, when the district court did not make such findings because it did not reach the question." Bank of Am., N.A. v. UMB Fin. Servs., 618 F.3d 906, 914 (8th Cir. 2010). We therefore

leave this issue for the district court to resolve when it reconsiders Thompson's individual claims on remand.

Plaintiffs also argue that FINRA was automatically divested of jurisdiction over Thompson's claim once McCrary filed suit on behalf of a putative class. Plaintiffs rely on the FINRA Code of Arbitration Procedure (Customer Code), specifically Rule 12204(d), which prohibits enforcement of an arbitration agreement against a member of a certified or putative class action until the class is certified or decertified, or until the member is excluded or withdraws from the class. Again, this issue was not decided by the district court, and we therefore decline to address it.

Finally, Plaintiffs argue that the district court abused its discretion by denying Plaintiffs' request to enjoin Thompson's arbitration. "We review the denial of a preliminary injunction for abuse of discretion." Roudachevski v. All-Am. Care Cntrs., Inc., 648 F.3d 701, 705-06 (8th Cir. 2011). "An abuse of discretion occurs where the district court rests its conclusion on clearly erroneous factual findings or erroneous legal conclusions." Lankford v. Sherman, 451 F.3d 496, 503-04 (8th Cir. 2006). In its order denying preliminary injunctive relief, the district court properly applied the four-part Dataphase test, which weighs "(1) the threat of irreparable harm to the movant; (2) the state of the balance between this harm and the injury that granting the injunction will inflict on other parties litigant; (3) the probability that movant will succeed on the merits; and (4) the public interest." Dataphase, 640 F.2d at 113. As the district court noted, "[o]ther than a conclusory statement that Thompson would suffer irreparable harm, plaintiffs omit[ted] any discussion of the relevant Dataphase factors." The court also observed that "plaintiffs . . . failed to provide any legal support for their request to stay the arbitration in light of Thompson's agreement to be bound by the panel's decision." Under the circumstances, we cannot say that the district court abused its discretion in denying Plaintiffs' request for an injunction.

### III.

We affirm the district court's refusal to enjoin Thompson's arbitration and the dismissal of Plaintiffs' claims on behalf of a putative class. We reverse the dismissal of Plaintiffs' individual claims. The case is remanded to the district court for further disposition according to the terms set forth herein.

_____