[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 12-15214

_____

Agency No. A099-270-203

MARIO DALE MCLEOD,

Petitioner,

versus

U.S. ATTORNEY GENERAL,

Respondent.

_____

Petition for Review of a Decision of the
Board of Immigration Appeals

_____

(September 17, 2013)

Before MARTIN and BLACK, Circuit Judges, and EDENFIELD,[*] District Judge.

PER CURIAM:

_____

[*] Honorable B. Avant Edenfield, United States District Judge for the Southern District of
Georgia, sitting by designation.

Mario Dale McLeod, a native and citizen of Jamaica, seeks review of the Board of Immigration Appeals' (BIA) order affirming the Immigration Judge's (IJ) denial of his application for adjustment of status pursuant to 8 U.S.C. §1255(a). The BIA determined that (1) the Government "met its burden of proving by clear and convincing evidence that [McLeod] is removable . . . for having made a false claim to United States citizenship," and (2) McLeod did "not meet his burden of showing that he is not inadmissible" for falsely claiming citizenship. McLeod argues the BIA erred in determining that the Government met its burden of proving removability based on ambiguous and disjunctive language on a prior version of Form I-9. McLeod does not address whether he met his burden of showing that he is not inadmissible. After review, we grant McLeod's petition in part and deny his petition in part.[1]

## I. STANDARD OF REVIEW

We review the BIA's factual determinations under the substantial evidence test, and we "must affirm the BIA's decision if it is supported by reasonable, substantial, and probative evidence on the record considered as a whole." *Al Najjar v. Ashcroft*, 257 F.3d 1262, 1283-84 (11th Cir. 2001) (quotations omitted).

---

[1] Although 8 U.S.C. § 1252(a)(2)(B) "sets limits on judicial review of certain discretionary decisions made in immigration proceedings," *Gonzalez-Oropeza v. U.S. Att'y Gen.*, 321 F.3d 1331, 1332 (11th Cir. 2003), we retain jurisdiction "to review non-discretionary legal determinations as to statutory eligibility for discretionary relief," *Alvarado v. U.S. Att'y Gen.*, 610 F.3d 1311, 1314 (11th Cir. 2010), such as the issue presented here.

We view the record evidence in the light most favorable to the agency's decision and draw all reasonable inferences in favor of that decision. *Silva v. U.S. Att'y Gen.*, 448 F.3d 1229, 1236 (11th Cir. 2006). To conclude that the BIA should be reversed, we must determine that the record "not only supports that conclusion, but compels it." *Fahim v. U.S. Att'y Gen.*, 278 F.3d 1216, 1218 (11th Cir. 2002) (quotations omitted); *see also* 8 U.S.C. § 1252(b)(4)(B) ("[A]dministrative findings of fact are conclusive unless any reasonable adjudicator would be compelled to conclude to the contrary.").

## II.  DISCUSSION

### A.  Removability

McLeod's entire brief is dedicated to the issue of whether the Government met its burden of proving removability based on a false representation of United States citizenship. To support this charge of removability, the Government submitted a document showing that, on June 12, 2002, McLeod applied for a job and checked the box on the Form I-9 indicating that, under penalty of perjury, he was "[a] citizen or national of the United States." McLeod argues this disjunctive and ambiguous language cannot constitute clear and convincing evidence of a false claim to citizenship; rather, he claims this language indicates only that he "may or may not have claimed either citizenship or nationality."

3

Under 8 U.S.C. § 1227(a)(3)(D), "[a]ny alien who falsely represents, or has falsely represented, himself to be a citizen of the United States for any purpose or benefit under this chapter (including section 1324a of this title) or any Federal or State law is deportable."[2]  Although our own review is deferential, the Government must prove an alien's deportability "by clear and convincing evidence."  8 U.S.C. § 1229a(c)(3)(A); *see also Woodby v. INS*, 385 U.S. 276, 286 (1966) (requiring "clear, unequivocal, and convincing evidence that the facts alleged as grounds for deportation are true").

The record compels us to conclude that the Government failed to meet its heavy burden of proving clearly and convincingly that McLeod was removable based on a false representation of United States citizenship.  As McLeod notes, the language of the Form I-9—citizen *or* national—is disjunctive and ambiguous, and indicates only that McLeod may have claimed citizenship or nationality.  *See Rodriguez v. Mukasey*, 519 F.3d 773, 776-77 (8th Cir. 2008) (noting that the Form I-9 "is poorly designed in that by checking one box the person ambiguously represents that he is either a citizen or a national").[3]  A reasonable factfinder would

---

[2]  Section 1324a makes it unlawful for a person or entity to employ unauthorized aliens, and requires the employer to verify the employment eligibility of potential employees.  8 U.S.C. § 1324a.  As part of the verification system, the prospective employer must attest on a Form 1-9 that it has verified the prospective employee is an authorized alien by examining certain documents, such as a social security card.  *Id.*

[3] The Form I-9 has subsequently been revised to remove the ambiguity—the current version forces a choice between two separate statements, "citizen of the United States" or

have to conclude that the Form I-9 does not constitute clear and convincing evidence that McLeod was deportable for having made a false claim to United States citizenship. *See Adefemi v. Ashcroft*, 358 F.3d 828, 834 (11th Cir. 2004).[4] However, McLeod conceded he was removable under 8 U.S.C. § 1227(a)(1)(C)(i) for having failed to comply with and maintain the conditions of his student visa. Thus, we must still consider whether McLeod met *his* burden of establishing his eligibility for adjustment of status.

## B.  Admissibility

Under 8 U.S.C. § 1255(a), "[t]he status of an alien who was inspected and admitted or paroled into the United States . . . may be adjusted by the Attorney General . . . to that of an alien lawfully admitted for permanent residence" if, among other requirements, the alien is "admissible . . . for permanent residence." An alien applying for admission has the burden of establishing that he is "clearly and beyond doubt entitled to be admitted and is not inadmissible" under the Immigration and Nationality Act (INA).  8 U.S.C. § 1229a(c)(2)(A).  The INA provides that "[a]ny alien who falsely represents, or has falsely represented, himself or herself to be a citizen of the United States for any purpose or benefit

---

"noncitizen national of the United States."

[4] We need not decide whether the Government would have met its burden if there had been additional evidence of fraud, such as the submission of a fake social security card.

under this chapter (including section 1324a of this title) or any other Federal or State law is inadmissible."  8 U.S.C. § 1182(a)(6)(C)(ii)(I).

McLeod did not brief the issue of whether he met his burden of establishing he is "clearly and beyond doubt" admissible.  He failed to do so even though the issue was clearly set out by the IJ  and the BIA.  He also failed to file a reply brief responding to the Government's argument on the issue.  Nevertheless, McLeod's arguments that the Government failed to meet its heavy burden of proving removability based on the ambiguous and disjunctive language of the Form I-9 apply equally to his heavy burden on admissibility.

McLeod bore the burden of demonstrating "clearly and beyond doubt" that he did not falsely represent himself to be a United States citizen, or, in other words, that he was instead falsely representing himself to be a national.  In addition, the record must compel the conclusion that was falsely representing himself to be a national rather than a citizen.  *Fahim*, 278 F.3d at 1218.  As McLeod concedes, we are faced with ambiguous evidence based on the disjunctive language in the Form I-9.  For the same reasons the Government was unable to meet its heavy burden of establishing clearly and convincingly that McLeod definitively claimed citizenship, McLeod cannot meet his heavy burden of establishing "clearly and beyond doubt"

6

that he did not.  While it is conceivable that he was claiming status as a national rather than a citizen, the record does not compel this conclusion.[5]

### III.  CONCLUSION

We reverse the decision of the BIA insofar as it concluded that the Government met its burden of proving by clear and convincing evidence that McLeod was removable for having made a false claim to United States citizenship. For the same reasons, we affirm the decision of the BIA insofar as it concluded that McLeod failed to meet his burden of showing that he is not inadmissible for having made a false claim to United States citizenship.

**PETITION GRANTED IN PART AND DENIED IN PART.**

---

[5] Although McLeod claims his intent in checking the box was irrelevant, he credibly testified that he knew he was not a citizen, he knew he did not have work authorization, and he did not know what a national was, but that he was "hoping" he could fit into the national category by checking the box.  This testimony is insufficient to compel the conclusion that McLeod was claiming status as a national, and only as a national.