# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 11-1560

_____

Christopher Hintz and Sandra Hintz,     *
                                          *

           Appellants,             *

                                          *

        v.                      *    Appeal from the United States
                                          *    District Court for the

JPMorgan Chase Bank, N.A.,         *    District of Minnesota.
individually and as successor in interest  *
to Washington Mutual Bank; and      *
Washington Mutual Bank, F.A.,      *

                                          *

          Appellees.             *

_____

Submitted: February 14, 2012
Filed: July 11, 2012

_____

Before RILEY, Chief Judge, WOLLMAN, and SMITH, Circuit Judges.

_____

WOLLMAN, Circuit Judge.

      Christopher and Sandra Hintz (Appellants) appeal from the district court's[1] dismissal of their fourteen-count complaint against JPMorgan Chase Bank (Chase). We conclude that, other than their claim under the Real Estate Settlement Practices Act (RESPA), the claims set forth in Appellants' complaint are barred by the doctrine

_____

[1]The Honorable Michael J. Davis, Chief Judge, United States District Court for the District of Minnesota.

of *res judicata*. As for the RESPA claims, Appellants have failed to show how the complaint could be amended to survive a motion to dismiss. We thus affirm the district court's dismissal of the complaint.

I.

On July 23, 2007, Appellants refinanced their home on Lake Minnetonka, Minnesota, executing a note and mortgage in favor of Washington Mutual for $6.75 million. On September 25, 2008, the United States government seized the assets of Washington Mutual and placed it into Federal Deposit Insurance Corporation (FDIC) receivership. The FDIC sold Washington Mutual's assets to Chase that same day. Chase thus became the holder of Appellants' note and mortgage. According to the Purchase and Assumption Agreement (P&A Agreement) Chase entered into with the FDIC, Chase did not assume any liabilities of Washington Mutual that are "claims for payment of or liability to any borrower for monetary relief, or that provide for any other form of relief to any borrower . . . related in any way to any loan or commitment to lend made by Washington Mutual." D. Ct. Order of Feb. 8, 2011, at 5.

After Appellants defaulted, Chase initiated foreclosure proceedings on the property in October 2008. Chase bought the property at a sheriff's sale on January 16, 2009. On July 8, 2009, Appellants sent Chase notice to rescind the mortgage. On the same day, Christopher Hintz (hereinafter Mr. Hintz) filed a *pro se* suit against "JP Morgan Chase Bank, National Association, doing business as Washington Mutual" in Hennepin County District Court. The suit sought damages under theories of promissory estoppel and negligence for (1) alleged wrongdoing by Washington Mutual in connection with its handling of Appellants' loan, and (2) Chase's actions in foreclosing upon the property. The complaint also alleged a Truth In Lending Act (TILA) violation but did not assert it as a cause of action. Chase moved to dismiss, arguing that the claims based on Washington Mutual's alleged wrongdoing must be pursued in an administrative hearing with the FDIC and that Mr. Hintz's complaint

otherwise failed to state a claim upon which relief could be granted. On January 4, 2010, the Honorable Janet N. Poston, Hennepin County District Judge, issued a summary order dismissing Mr. Hintz's claims "with prejudice." Mr. Hintz did not appeal the state court judgment.

Appellants obtained counsel and filed a second suit in Hennepin County District Court on June 10, 2010, against Washington Mutual and Chase, individually and as successor in interest to Washington Mutual. The new complaint alleged causes of action relating to Washington Mutual's purported misrepresentations and alleged failure to disclose information and Chase's alleged failure to provide adequate notice of the sheriff's sale, in violation of TILA, and to respond to two Qualified Written Requests (QWRs), in violation of RESPA. Chase removed the suit to federal court and thereafter filed a motion to dismiss.

In granting Chase's motion to dismiss, the district court held: (1) the court lacked jurisdiction over claims against Washington Mutual;[2] (2) liability claims against Chase based on Washington Mutual's actions were barred by the P&A Agreement; (3) non-RESPA claims against Chase were barred by *res judicata*; and, (4) the RESPA claim failed to state a claim upon which relief could be granted. Accordingly, the district court dismissed all claims against Washington Mutual without prejudice and all claims against Chase with prejudice.

Appellants now appeal the district court's determinations that *res judicata* bars all non-RESPA claims and that Appellants' claim for rescission under TILA expired when the property was sold. They further argue that the district court erred in denying leave to amend the complaint to re-plead the RESPA claim.

---

[2]Because Washington Mutual is in FDIC receivership, the proper venue for claims against it is an administrative hearing before the FDIC. See 12 U.S.C. § 1821(d)(13)(D).

## II.

### A.

As an initial matter, Chase argues that Appellants forfeited their argument that the state court's dismissal was not a final judgment on the merits by failing to present it to the federal district court. Appellants respond that their submissions to the district court effectively, if not explicitly, argued that the prior judgment was not a final judgment on the merits. There is a difference between a new argument and a new issue. See Universal Title Ins. Co. v. United States, 942 F.2d 1311, 1314 (8th Cir. 1991). Because Chase raised the affirmative defense of *res judicata*, that defense and its elements were before the district court. The district court analyzed each element in concluding that Chase had met its burden of proof in establishing the defense. Although the arguments before the district court did not focus on whether the state court's order constituted a ruling on the merits, Appellants' contention that the order was not on the merits raises only a new argument, not a new issue, and thus is not barred from review. See id.

### B.

Contending that it was not presented to the district court, Chase has moved to strike that portion of Appellants' appendix that contains the transcript of the hearing before the state court. The state court order dismissing the suit indicates no particular grounds for dismissing the original state court suit; it merely dismissed the complaint "with prejudice." The transcript therefore helps to identify the possible grounds on which the state district court dismissed the original suit. Moreover, because Mr. Hintz did not file a written response, the transcript provides the only basis for our review of his reply to Chase's motion to dismiss. The parties do not dispute the validity of the transcript, and both parties referred to the transcript in their federal appellate briefing. We have previously stated "that a party who wishes to avail

himself of a prior judgment as *res judicata* must introduce the whole record of the prior proceeding." Bryson v. Guarantee Reserve Life Ins. Co., 520 F.2d 563, 566 (8th Cir. 1975); see also Dakota Indus., Inc. v. Dakota Sportswear, Inc., 988 F.2d 61, 63 (8th Cir. 1993) ("When the interests of justice demand it, an appellate court may order the record of a case enlarged."). Given the circumstances of this case, we will consider the transcript on appeal, and thus we deny the motion to strike.

C.

We review *de novo* the district court's grant of a motion to dismiss based on *res judicata*, and we accept the plaintiff's factual allegations as true. Laase v. County of Isanti, 638 F.3d 853, 856 (8th Cir. 2011) (citations omitted). "By enacting the Full Faith and Credit Statute, 28 U.S.C. § 1738, 'Congress has specifically required all federal courts to give preclusive effect to state court judgments whenever the courts of the State from which the judgments emerged would do so.'" Id. (quoting Allen v. McCurry, 449 U.S. 90, 96 (1980)). Thus, we must determine whether the state court judgment of dismissal is preclusive under Minnesota law.

Under Minnesota law, *res judicata* is an affirmative defense and applies as an absolute bar to a subsequent claim when: (1) the earlier claim involved the same set of factual circumstances; (2) the earlier claim involved the same parties or their privies; (3) there was a final judgment on the merits; and (4) the estopped party had a full and fair opportunity to litigate the matter. Hauschildt v. Beckingham, 686 N.W.2d 829, 840 (Minn. 2004). In order for *res judicata* to apply, Chase must demonstrate that all elements of the defense are met. See Howard v. Green, 555 F.2d 178, 181 (8th Cir. 1977) (citations omitted) (stating that the burden of proof for *res judicata* is on the party asserting it); see also Barth v. Stenwick, 761 N.W.2d 502, 508 (Minn. App. 2009) (stating that the burden of proof is on party claiming it for purposes of collateral estoppel). The only question here is whether the state court's final judgment was on the merits.

-5-

Chase contends that the state court's dismissal of Mr. Hintz's complaint "with prejudice" demonstrates that the dismissal was "on the merits." According to Chase, Johnson v. Hunter, holds that a dismissal "with prejudice" is a dismissal on the merits. 447 N.W.2d 871, 873 (Minn. 1989). This likely overstates the holding in Johnson. See Charchenko v. City of Stillwater, 47 F.3d 981, 985 (8th Cir. 1995). "Johnson simply held that a dismissal with prejudice for lack of prosecution was a dismissal on the merits." Id. (citing Johnson, 447 N.W.2d at 873). As the Minnesota Court of Appeals has recognized, "a district court's designation of 'with prejudice' or 'without prejudice' must be viewed in light of the basis for the dismissal and is not automatically dispositive of whether a second suit is barred." Unbank Co., LLP v. Merwin Drug Co., Inc., 677 N.W.2d 105, 109 (Minn. App. 2004) (citations omitted). Thus, we must look to the basis of the state court's dismissal of the complaint.

Appellants contend that *res judicata* should not be applied where uncertainty exists as to whether the first lawsuit was a final judgment on the merits. They argue that because multiple grounds existed for the dismissal, it is uncertain whether the dismissal was on the merits. The record before us shows that the state court could have dismissed the case for Mr. Hintz's procedural default by failing to submit a written response to Chase's motion to dismiss, for failure to state a claim, for lack of jurisdiction, or any combination thereof. If the dismissal was based on procedural default or for failing to state a claim, the adjudication was on the merits under Minnesota law. See Minn. R. Civ. P. 41.02(a), (c).

If, however, the entire complaint was dismissed for lack of subject matter jurisdiction, the adjudication was not on the merits. The Minnesota Rules of Civil Procedure provide:

> Unless the court specifies otherwise in its order, a dismissal pursuant to this rule and any dismissal not provided for in this rule or in Rule 41.01, other than a dismissal for lack of jurisdiction, for forum non conveniens,

> or for failure to join a party indispensable pursuant to Rule 19, operates as an adjudication on the merits.

Minn. R. Civ. P. 41.02(c).  As indicated above, a procedural default in Minnesota operates as a dismissal on the merits.  See Minn. R. Civ. P. 41.02(a), (c).  Questions of forum non conveniens and joinder are not at issue in this case.

Appellants contend that the complaint, including claims against Chase, was dismissed for lack of subject matter jurisdiction.  The record of proceedings in the state court, however, belies this contention.  Chase's only argument regarding lack of subject matter jurisdiction was based on the fact that Washington Mutual is in receivership.  Appellant's App. 0100-01, 0105.  The state court had jurisdiction over claims against Chase, and Chase's counsel made clear to Judge Poston that Chase was not doing business as Washington Mutual.  Appellant's App. 0085, 0098.  Although the claims against Washington Mutual may have been dismissed for lack of subject matter jurisdiction, the record reveals that claims against Chase were dismissed either because Mr. Hintz defaulted or his complaint failed to state a claim.  Thus, although more than one ground existed for the dismissal, each would have resulted in a dismissal on the merits of the claims against Chase.  Accordingly, we conclude that *res judicata* bars Appellants' non-RESPA claims.[3]

## III.

Appellants argue that Chase violated RESPA when it failed to respond to two written requests for information.  The district court determined that the written requests failed to meet the statutory definition of QWRs, see 12 U.S.C. § 2605(e)(1)(B), and that Appellants failed to allege how they suffered any pecuniary

---

[3]Because we conclude that *res judicata* applies to Appellants' claims, we do not reach Chase's argument that Appellants are attempting to collaterally attack Judge Poston's judgment.

damage for violations of RESPA. Appellants argue that their RESPA claim should have been dismissed without prejudice because the complaint could have been amended to cure any defects. Appellants failed to attach to the complaint the two letters they purport to be QWRs, and they argue that attaching the letters will cure the defects in their complaint. Even if attaching the letters could cure Appellants' problem in meeting the statutory definition of QWRs, however, the letters will not cure Appellants' problem in pleading actual damages.

RESPA limits an individual's damages for violations of QWR requirements to "actual damages" and, "in the case of a pattern or practice of noncompliance," to $1,000 in statutory damages. 12 U.S.C. § 2605(f)(1). The district court dismissed Appellants' RESPA claim with prejudice because "even if [Appellants] were to attempt to amend their Complaint . . . the amendment would be futile because [Appellants] fail to allege how the alleged RESPA violations caused them pecuniary damage." D. Ct. Order of February 8, 2011, at 23. The district court explained that damages for a RESPA claim must be pled with particularity, "limiting the cause of action to circumstances in which plaintiff can show that a failure to respond or give notice has caused them actual harm." Id. (quoting Shepherd v. Am. Home Mortg. Servs., Inc., No. Civ. 2:09-1916, 2009 WL 4505925, at *3 (E.D. Cal. Nov. 20, 2009)).

"[W]hen the court denies leave on the basis of futility, it means the district court has reached the legal conclusion that the amended complaint could not withstand a motion to dismiss under Rule 12(b)(6) of the Federal Rules of Civil Procedure, and appellate review of this legal conclusion is . . . de novo." Cornelia I. Crowell GST Trust v. Possis Med., Inc., 519 F.3d 778, 781-82 (8th Cir. 2008) (citing In re Senior Cottages of Amer., 482 F.3d 997, 1001 (8th Cir. 2007)). "Generally, 'parties should not be allowed to amend their complaint without showing how the complaint could be amended to save the meritless claim.'" Id. at 783-84 (citation omitted). Appellants claim they can cure the defect in their complaint by attaching the letters they claim to be QWRs because the letters will show that the requests relate

to the servicing of the loan.  Even if the letters relate to the servicing of the loan, however, Appellants do not overcome their problem with pleading actual damages.  Appellants' complaint states that Chase's failure to respond to their written requests caused them to suffer damages "in an approximate amount in excess of Fifty Thousand Dollars ($50,000.00)."  Compl. 22, ¶ 168.  Appellants failed to allege how this figure resembles their actual damages arising from Chase's failure to respond to the request.  On appeal, Appellants likewise do not indicate any actual damages they suffered from Chase's failure to respond to their written requests.  "As [Appellants] did not establish how [their] complaint could be amended, the district court did not err in denying leave to amend on the basis of futility."  Cornelia I. Crowell GST Trust, 519 F.3d at 784.

IV.

The judgment is affirmed.  Chase's motion to strike is denied.

_____