UNITED STATES COURT OF APPEALS

TENTH CIRCUIT

VASHONE L. ADAMS,

      Plaintiff - Appellant,

v.

EMC MORTGAGE CORPORATION, a
foreign corporation; CAROL YOUNG,
individually and as agent; JAMES DIMON,
individually and as agent; ACQURA LOAN
SERVICING, a foreign corporation; JP
MORGAN CHASE BANK, N.A.; WILLIAM
BERONG, individually and as agent,

      Defendants - Appellees.

No. 13-1154
(D.C. No. 1:12-CV-00344-REB-KLM)
(D. Colorado)

**ORDER AND JUDGMENT**[*]

Before **HARTZ**, **O'BRIEN** and **GORSUCH**, Circuit Judges.

---

     * After examining appellant's brief and the appellate record, this panel has
determined unanimously that oral argument would not materially assist the determination
of this appeal. See Fed. R. App. P. 34(a)(2) and 10th Cir. R. 34.1(G). The case is
therefore ordered submitted without oral argument. This order and judgment is not
binding precedent, except under the doctrines of law of the case, res judicata, and
collateral estoppel. It may be cited, however, for its persuasive value consistent with Fed.
R. App. P. 32.1 and 10th Cir. R. 32.1.

Vashone L. Adams brought the present suit against a number of parties (Defendants) under various state and federal statutes and the common law for their role in collecting his home-mortgage loan, foreclosing on the deed of trust securing the loan, and evicting him from the home. He had waived almost all these claims, however, in a Stipulation and Order (the S&O) in the Colorado state court that resolved the unlawful-detention claim against him for not vacating the home after foreclosure. The S&O included the following paragraph:

> Defendant, Vashone Adams, hereby releases and forever waives any claims, known or unknown, arising out of a) the Note and Deed of Trust more fully described in the in the [sic] Order Authorizing Sale entered August 15, 2011 by Judge Hannen of the Arapahoe County District Court, b) the property known as 7594 S. Duquense Court, Aurora, CO 80016 (the "Property"), c) any and all actions to enforce the Note, Deed of Trust, debt collection or rights associated with the Property, including but not limited to the foreclosure sale (Public Trustee's Foreclosure Sale No. 1332-2011) and the forcible Entry and Detainer action (case # 2011 C11392, and d) any state or federal debt collection claims, including but not limited to the FDCPA and the Colorado Fair Debt Collection Practices Act. Vashone Adams releases and forever waives such claims against EMC Mortgage LLC, EMC Mortgage Corporation, JP Morgan Chase Bank NA, Acqura, its subsidiaries, affiliates, servicers, parent companies, agents, employees, and attorneys, including but not limited to Aronowitz and Mecklenburg, LLP.

R. at 738–39.

To overcome this waiver, Adams's federal-court complaint included claims seeking to invalidate the S&O. On Defendants' motion to dismiss, the magistrate judge recommended dismissal of all claims. The district court approved the recommendation, holding that (1) the *Rooker-Feldman* doctrine, *see Exxon Mobil Corp. v. Saudi Basic Indus. Corp.*, 544 U.S. 280, 284 (2005); *Campbell v. City of Spencer*, 682 F.3d 1278,

2

1281–84 (10th Cir. 2012), barred it from exercising jurisdiction over the claims challenging the S&O, and (2) that the S&O precluded all but one of his other claims. It held that his claim under the Real Estate Settlement Procedures Act (RESPA), 12 U.S.C. §§ 2601-2617, was not precluded because it arose after the entry of the S&O, but the court dismissed it for failure to state a claim. Adams appeals. As in district court, Adams does not challenge the preclusive effect of the S&O; he argues only that *Rooker-Feldman* does not bar his challenge to the S&O itself, and he challenges the dismissal of his RESPA claim. We have jurisdiction under § 1291 and affirm.

## I.    *Rooker-Feldman*

"*Rooker-Feldman* is a jurisdictional prohibition on lower federal courts exercising appellate jurisdiction over state-court judgments." *Campbell*, 682 F.3d at 1281. The doctrine prevents "state-court losers complaining of injuries caused by state-court judgments rendered before the district court proceedings commenced" from having those judgments reviewed by the lower federal courts. *Exxon Mobil*, 544 U.S. at 284. But "a federal-court claim is not barred by *Rooker-Feldman* as a complaint of injury caused by a state-court judgment just because it seeks relief inconsistent with that judgment." *Campbell*, 682 F.3d at 1283 (brackets, citation, and internal quotation marks omitted). Instead, "an element of the claim must be that the state court wrongfully entered its judgment." *Id.*

The claims over which the district court found it did not have jurisdiction requested that the district court determine that the state court wrongfully entered the

3

S&O. For example, Claim Thirteen states, "Plaintiff is therefore entitled to a declaration from the Court that the Defendants waiver and stipulation signed by the Plaintiff is void and unenforceable." R. at 490–91. Such claims come within the bar of *Rooker-Feldman*.

Adams contends that the S&O is merely a "settlement agreement," not a state-court judgment. Reply Br. at 5. The record shows otherwise. Each page of the S&O is signed by the court under the words, "The foregoing stipulation is hereby approved and made an Order of the Court." R. at 738–39. By this language the claims described by the S&O are barred not only by Adams's agreement but also by court order. Although the S&O may have been the result of a negotiated agreement between the parties rather than judicial resolution of a dispute, it was clearly entered as an order by the state court. Any objections to the order—whether related to the order's contents or the procedure by which the agreement was reached—must be raised in state court.

Adams also argues that the S&O "did not contain the requisite certification to be a final judgment or to be dismissed with prejudice." Aplt. Br. at 15. True, the S&O does not state that it resolves all claims between the parties or that it is a final order. But a judgment is generally final for the purposes of *Rooker-Feldman* if a "lower state court issues a judgment and the losing party allows the time for appeal to expire." *Bear v. Patton*, 451 F.3d 639, 642 (10th Cir. 2006) (internal quotation marks omitted). The S&O was entered on November 18, 2011. Under Colorado law, Adams had 21 days to appeal the order. *See* Colo. R. Civ. P. 411(a). Therefore the order became "final" well before the district-court action was filed on February 9, 2012.

4

## II. RESPA Claim

Adams argues that the district court improperly denied his RESPA claim. RESPA requires a servicer of a mortgage loan to respond to a qualified written request (QWR) within five days of receipt. *See* 12 U.S.C. § 2605(e). Adams's claim is based on a letter he sent to Defendant EMC Mortgage Corp. on January 17, 2012. He contends that he is entitled to damages because Defendants either did not respond to the letter or replied after the allotted time had expired.

We need not decide whether Adams's allegations were sufficient to establish that his letter was a QWR. Even if the letter was a QWR, his complaint alleged no actual harm arising from the lack of response. "[T]o survive a Rule 12(b)(6) motion to dismiss a claim under § 2605(e) of RESPA, plaintiffs must plead actual damages stemming from the failure to respond to requests or a pattern or practice of misconduct." *Toone v. Wells Fargo Bank, N.A.*, 716 F.3d 516, 523 (10th Cir. 2013) (citing *Hintz v. JPMorgan Chase Bank, N.A.*, 686 F.3d 505, 510–11 (8th Cir. 2012)). *Hintz* held that a RESPA plaintiff must show that "a failure to respond or give notice has caused [the plaintiff] actual harm." 686 F.3d at 511 (internal quotation marks omitted). By the time of the January 17 letter, the home had been foreclosed upon and Adams evicted. We fail to see how the lack of a response could have harmed him. Regardless, he failed to allege any facts that would suggest injury.

Adams argues that Defendants "untimely rais[ed] the [damages] argument." Reply Br. at 14. But "[w]e can affirm on any ground supported by the record, so long as

the appellant has had a fair opportunity to address that ground." *Schanzenbach v. Town of Opal*, 706 F.3d 1269, 1272 (10th Cir. 2013) (internal quotation marks omitted). Adams has had that opportunity. Several Defendants argued in their response to Adams's objection to the magistrate judge's report and recommendation that Adams was "unable to maintain his RESPA claim as a matter of law because he did not, and cannot, allege any damages as a result of the alleged RESPA violations." R. at 848. Adams submitted a reply to the response but did not address the damages argument in this reply. And in this court he has not suggested that he would be able to present any evidence of actual harm from the alleged RESPA violation.

The judgment of the district court is AFFIRMED.

ENTERED FOR THE COURT

Harris L Hartz
Circuit Judge