# United States Court of Appeals
## For the Eighth Circuit

_____

No. 23-1148
_____

James Randy Scott

*Plaintiff - Appellant*

v.

City of Sherwood, Arkansas; Shelia Reynolds, Individually and in her Official
Capacity; Stephen R. Cobb, Individually and in his Official Capacity

*Defendants - Appellees*
_____

Appeal from United States District Court
for the Eastern District of Arkansas - Central
_____

Submitted: November 14, 2023
Filed: March 5, 2024
_____

Before LOKEN, ERICKSON, and GRASZ, Circuit Judges.
_____

ERICKSON, Circuit Judge.

James Scott initiated this civil rights action against the City of Sherwood, Sherwood City Attorney Stephen Cobb, and Sherwood City Code Enforcement Officer Sheila Reynolds. The defendants filed a joint motion to dismiss, asserting

the doctrine of res judicata barred Scott's claims. The district court[1] granted the defendants' motion. Scott appeals, and we affirm.

In February 1985, Scott purchased real property in a rural area of Pulaski County, Arkansas. When he purchased the property, the land was not subject to any zoning or restrictive ordinances, so Scott used his property for storage and a repair business. In October 1989, the City of Sherwood annexed Scott's property. Since the annexation of the property, Scott has been subjected to numerous complaints, citations, and prosecutions over the use of his property. In 1993, the Sherwood City Attorney allowed Scott's property to be grandfathered in as an automobile repair shop. Nevertheless, Scott continued to receive complaints and citations for the condition and use of the property.

On December 23, 2019, Scott filed suit in the Circuit Court of Pulaski County against the City of Sherwood, Sherwood District Court, Sherwood District Court Judge Milas "Butch" Hale, III, Sherwood City Attorney Stephen Cobb, and Sherwood City Code Enforcement Officer Sheila Reynolds. In his complaint, Scott alleged claims arising under 42 U.S.C. §§ 1982, 1983, and 1988; the Fourth, Fifth, Eighth, and Fourteenth Amendments to the United States Constitution; and the Arkansas Civil Rights Act of 1993. The Pulaski County Circuit Court dismissed the claims with prejudice on the ground that sovereign immunity shielded all the defendants from suit. Scott did not file an appeal.

A few years later, Scott commenced this action in federal district court. In his complaint, Scott raised nearly identical claims against the City of Sherwood, Sherwood City Attorney Stephen Cobb, and Sherwood City Code Enforcement Officer Sheila Reynolds alleging violations of 42 U.S.C. §§ 1982, 1983, and 1988; the Fourth, Fifth, Eighth, and Fourteenth Amendments to the United States Constitution; and the Arkansas Civil Rights Act of 1993. Because each of these

---

[1]The Honorable D. Price Marshall, United States District Judge for the Eastern District of Arkansas.

-2-

claims were previously raised in his state court complaint, the defendants jointly moved to dismiss Scott's complaint. The district court granted the defendants' motion, finding the doctrine of res judicata prohibited Scott from relitigating his claims in federal court. Scott has appealed.

We review a district court's decision to grant a motion to dismiss based on res judicata *de novo*. Hintz v. JPMorgan Chase Bank, N.A., 686 F.3d 505, 509 (8th Cir. 2012). In a res judicata analysis, if "a second action would be precluded in a state court, then it is also normally precluded in a federal court." Ruple v. City of Vermillion, 714 F.2d 860, 862 (8th Cir. 1983). Further, "[t]he law of the forum that rendered the first judgment controls the res judicata analysis." St. Paul Fire & Marine Ins. Co. v. Compaq Comput. Corp., 539 F.3d 809, 821 (8th Cir. 2008). Here, Arkansas state law controls our res judicata analysis.

Arkansas defines res judicata as "a thing or matter [that] has been definitely and finally settled and determined on its merits by the decision of a court of competent jurisdiction." Baptist Health v. Murphy, 373 S.W.3d 269, 278 (Ark. 2010) (quoting Beebe v. Fountain Lake Sch. Dist., 231 S.W.3d 628, 635 (Ark. 2006)). Res judicata encompasses two theories: claim preclusion and issue preclusion. Beebe, 231 S.W.3d at 635. Claim preclusion prohibits relitigation when (1) the first suit concluded with a final judgment on the merits; (2) the court overseeing the first suit had proper jurisdiction; (3) the first suit was fully contested in good faith; (4) both suits involve the same claim or cause of action; and (5) both suits involve the same parties or their privies. Id. Issue preclusion prohibits relitigation when (1) the issue sought to be precluded in the second suit is the same as that from the first suit; (2) the issue was litigated in the first suit; (3) the issue was determined by a valid and final judgment in the first suit; and (4) the determination of that issue was essential to the judgment in the first suit. Id.

Scott does not contend that his state court and district court complaints are substantially different. Instead, Scott maintains neither claim preclusion nor issue preclusion apply. He bases this on two theories: (1) claim preclusion does not apply

because the Arkansas court lacked jurisdiction, and (2) the Arkansas court did not enter a valid final judgment. Both theories are unavailing.

Under Arkansas law, "[w]hether the court has jurisdiction over a suit against the State of Arkansas or whether the defendant has raised a defense of sovereign immunity, are not matters of subject-matter jurisdiction." Walther v. FLIS Enters., Inc., 540 S.W.3d 264, 267 (Ark. 2018). The Walther Court clarified that "[a]lthough sovereign immunity certainly has jurisdictional qualities, this court historically has treated it like an affirmative defense that must be preserved." Id. The Arkansas Supreme Court emphasized that "continuing to treat sovereign immunity as an affirmative defense is consistent with our precedent." Id. This holding is consistent with the Arkansas Rules of Civil Procedure, which characterize res judicata as an affirmative defense. Ark. R. Civ. P. 8(c). Sovereign immunity is an affirmative defense under Arkansas law.

With that understanding, all five elements of claim preclusion are satisfied. Scott's suit in Pulaski County Court was fully contested in good faith and resulted in a dismissal with prejudice, which constitutes a final judgment on the merits. See Orr v. Hudson, 374 S.W.3d 686, 691 (Ark. 2010). The Pulaski County Court had jurisdiction over the matter because Scott was a resident of Pulaski County, the alleged events at issue occurred within Pulaski County, and the defendants were a city within Pulaski County and two city officials. In addition, Scott's state court and district court suits involve the same civil rights claims and each of the parties named in Scott's federal complaint were named in his state action.

The same is true with issue preclusion. All issues Scott raised in his federal complaint were raised in his complaint in state court, litigated in state court, and dismissed with prejudice. The state court's decision to grant the defendants immunity from all Scott's claims was essential to its judgment. The district court did not err in granting the defendants' motion to dismiss.

Scott also asserts a dismissal in Arkansas based upon sovereign immunity is always a dismissal without prejudice. The state court's determinations that sovereign immunity shielded all defendants from suit and its dismissal of the action with prejudice are issues worthy of brief discussion. The appellees concede in this action that the state court incorrectly applied the doctrine of sovereign immunity. While we also share this view, the proper course of action to remedy an erroneous decision in Arkansas is through an appeal or a post-judgment motion, not another action. See Harris v. Moye's Est., 211 Ark. 765, 768 (1947) (explaining the remedy for correcting an error in the court's order was an application for an order nunc pro tunc, an appeal, or both). This principle has also been followed in this Court. See Ideker v. PPG Ind., Inc., 788 F.3d 849, 854 (8th Cir. 2015) (noting the plaintiff cannot remedy her failure to appeal the district court's dismissal by filing another suit based on the same claim). Scott did not avail himself of the proper remedies for correcting the error in the state court's decision, and we lack the authority to make the correction in this action.

For the foregoing reasons, we affirm.

_____